# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Bryant,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>Arizona Pipe Trades Pension Trust Fund; Arizona Pipe Trades Pension Trust Board of Trustees;  Arizona Pipe Trades Defined Contribution Plan;  Arizona Pipe Trades Defined Contribution Plan Board of Trustees,<br><br>    Defendants/Counterclaimants. | No. CV-13-01563-PHX-GMS<br><br>**ORDER APPROVING CLASS ACTION SETTLEMENT AGREEMENT AND JUDGMENT** |

THIS MATTER having come before the Court for hearing on November 19, 2015 pursuant to the Court's Order dated August 7, 2015 (Doc. 103) ("Preliminary Approval Order"), upon application of the parties for approval of the Class Action Settlement ("Settlement Agreement") (Doc. 101), and due and adequate notice having been given to the Class Members as required in the Preliminary Approval Order and the Court having considered all papers filed and proceedings had herein, including the Motion for Preliminary Approval (Doc. 101), the Motion for Final Approval (Doc. 104) and exhibits thereto, the Motion for Award of Attorneys' Fees, Costs and Case Contribution Award and exhibits thereto (Doc. 106),  Defendants' response to Plaintiff's Motion for Award of Attorneys' Fees, Costs and Case Contribution Award and exhibits thereto (Doc. 112), and Plaintiff's Reply (Doc. 114), Plaintiff's notice regarding the  absence of objections

(Doc. 113), Defendants' Notice Regarding Class Action Administration and Service of Rule 23 Notice on Class Members (Doc. 115) and the Final Approval Hearing held on November 19, 2015 to determine the fairness of the Settlement Agreement and the Motion for Award of Attorneys' Fees, Costs and Case Contribution Award, and otherwise being fully informed in the premises and for good cause appearing therefore, the Court finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members and further finds that Plaintiff's application for award of attorneys' fees, costs and case contribution award is fair and reasonable.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. This Order and Judgment Approving the Settlement Agreement (Doc. 104) incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action and over all Class Members.

3. After consideration of the evidence, the Court further finds that the mailing of the Notice constituted the best notice practicable under the circumstances, and that such individual notice to Class Members constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement Agreement, finds that said settlement is, in all respects, fair, reasonable, adequate and in the best interests of Class Members, directs that the Settlement Agreement be consummated in accordance with the terms and conditions set forth in the Settlement Agreement, and orders all Parties to take the necessary steps to effectuate the terms of the settlement as set forth in the Settlement Agreement.

/ / /

/ / /

5. Defendants have complied with the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 and its notice obligations by providing appropriate federal and state officials with information about the Settlement Agreement.

6. The Court hereby approves the following findings of fact:

    A. Class Counsel has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts and relevant documents. During the prosecution of the Class Action, Class Counsel undertook substantial discovery efforts and the parties have exchanged thousands of pages of documents and electronic data. Throughout the Class Action, Class Counsel has worked with experts to determine damages and has abundant information on which to make an informed decision about the terms of the Settlement Agreement.

    B. Class Counsel and Class Counsel's expert worked diligently and reasonably to create the plan of allocation, which was submitted to this Court in redacted form on August 7, 2015, and submitted to the Court as revised on October 21, 2015 for clerical and administrative reasons as set forth in the Declaration of Susan Martin, Doc. 104-3, ¶ 19. The plan of allocation is fair, reasonable and equitable.

    C. The Settlement Agreement provides for the creation of a Settlement Fund of $5,800,000.00 for payment of Settlement Benefits, Class Counsel's Fee Award and the Case Contribution Award.

    D. The Settlement Agreement provides for significant additional relief including provisions in the Settlement Agreement Paragraphs III(c)-(f), that Defendants shall Provide at Defendants' expense notices to all DC Plan participants and all DB Plan participants informing them about the specific procedures used to credit and allocate Reciprocal

Contributions, that Defendants shall provide at Defendants' expense updated revisions to summary plan descriptions to all DC Plan participants and all DB Plan participants which shall include the specific methodology used to credit and allocate Reciprocal Contributions, that Defendants shall implement at Defendants' expense procedures to allocate and report Reciprocal Contributions to the DC Plan not less than twice each Plan year with DB Plan investment earnings or losses and to provide status reports and year end individual statements including information to DC Plan participants regarding Reciprocal Contributions received and allocated and that transfers of such Reciprocal Contributions from the DB Plan to the DC Plan shall be made twice each year and shall include DB Plan earnings or losses for the Applicable Period.

E. After adjustment for the Fee Award and Case Contribution Award, all Individual Settlement Benefits will be allocated to Class Members or if the Class Member is deceased, to Surviving Spouses, Designated Beneficiaries or next of kin or Estate as set forth in the Settlement Agreement.

F. The Settlement Agreement eliminates the risks inherent in continuing the litigation in this case, including the risk that there could eventually be no monetary recovery for Class Members.

G. Given the complexity of the issues remaining and the risks to the Class Members including the risks of maintaining class action status, the risks of litigation, the delay that would be entailed in continued litigation, including a potential trial and the subsequent appeal of any judgment after such trials, the Settlement Agreement is fair,

        reasonable and in the best interests of the Class Members and the amount offered in the Settlement Agreement is highly favorable.

    H.    Class Counsel has extensive experience in ERISA litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for the Class Members.  Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the Class Action and because of their extensive experience in similar actions.

    I.    The Settlement Agreement is the result of an arm's length adversarial negotiation and mediation process.  The parties engaged in mediation with Ronald Dean, a highly experienced mediator and litigator with substantial ERISA and class action knowledge.

    J.    <u>All counsel</u> represented the interests of their clients vigorously and devoted a considerable amount of time, effort and resources to secure the terms of the Settlement, to ensure a fair, adequate and equitable distribution of Settlement Benefits.

7.    The terms and provisions of the settlement as embodied in the parties' Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure and the Rules of this Court and any other applicable law or due process requirements.  The Parties are hereby directed to comply with the terms of the Settlement Agreement and this Order and Final Judgment.

8.    Named Plaintiff's request for a Case Contribution Award in the amount of $25,000.00 is granted.  Defendants are hereby ordered to pay Named Plaintiff a Case Contribution Award in the amount of $25,000.00 from the Settlement Fund.  Such payment shall be made within 21 days after the Effective Date in accordance with the terms of the Settlement Agreement.

9. Plaintiff's Motion for Leave to File Task-Based Itemized Statement of Attorneys' Fees Under Seal (Doc. 109) is granted. The Clerk of Court is directed to file the lodged Task-Based Itemized Statement of Attorneys' Fees (Doc. 110) under seal.

10. Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Doc. 106) is granted. Pursuant to ERISA §502(g), Defendants are hereby ordered to pay Class Counsel attorneys' fees in the amount of $1,450,000 from the Settlement Fund within 21 days after the Effective Date in accordance with the terms of the Settlement Agreement. Further, Defendants are hereby ordered to pay Class Counsel an additional amount of $93,427.22 in costs, which shall not be paid from the Settlement Fund. Such fees and costs shall be paid to Class Counsel within 21 days after the Effective Date in accordance with the terms of the Settlement Agreement.

11. The plan of allocation is hereby approved as fair and reasonable. The distribution to Class Members as set forth in the plan of allocation is final and non-appealable.

12. As set forth in the Settlement Agreement, Defendants shall take all steps to consummate the provisions of the Agreement including taking such steps to provide that within 21 days following the Effective Date, all Individual Settlement Benefits shall be paid to Class Members or credited to the Class Members' Individual Accounts in accordance with the terms of the Settlement Agreement and Defendants shall take steps to ensure that all other provisions of the Settlement Agreement are consummated, including all of the provisions of Paragraphs III(C)-(F) of the Settlement Agreement.

13. By operation of this Order and final judgment, the Parties, on behalf of themselves, and their fiduciaries, trustees, heirs, executors, administrators, beneficiaries, representatives, predecessors, agents, attorneys, successors and assigns, are barred from instituting, maintaining, prosecuting or enforcing, in any capacity, the Released Claims against the Released Parties.

14. The Court retains exclusive jurisdiction over this matter, and the Parties submit to such exclusive jurisdiction, with respect to effectuating the terms of the Settlement Agreement and enforcing the terms of the Settlement Agreement.

15. The Action is hereby dismissed with prejudice as to Plaintiff and the Class Members, without additional cost to any of the Parties other than as provided for in the Settlement Agreement and herein. The Clerk shall enter Final Judgment pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58(a).

Dated this 23rd day of November, 2015.

_____
Honorable G. Murray Snow
United States District Judge